UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTOINE DAMON ASHWORTH,

       Petitioner,

v.                                      CASE NO. 09-12801
                                      HONORABLE ARTHUR J. TARNOW

CARMEN D. PALMER,

       Respondent.

_____/

## ORDER DENYING PETITIONER'S
## MOTION FOR APPOINTMENT OF COUNSEL

      Petitioner Antoine Damon Ashworth has filed a *pro se* habeas corpus petition challenging his Saginaw County convictions for first-degree home invasion, felonious assault, felon in possession of a firearm, carrying a weapon with unlawful intent, and possession of a firearm during the commission of felony. The habeas petition alleges that: (1) Petitioner was denied his right to confront the witnesses against him when the trial court refused to permit him to recall a prosecution witness; (2) the prosecutor committed misconduct by (a) speculating that Petitioner stored guns under his trailer and asking him about the guns, (b) identifying a witness as Petitioner's parole officer, and (c) asking Petitioner's girlfriend whether Petitioner was part of the "Burt Street group;" (3) trial counsel was ineffective for failing to (a) object to prosecutorial misconduct, (b) conduct competent cross-examination of a key prosecution witness, and (c) call a witness in support of the defense theory; and (4) Petitioner is entitled to a new trial on newly discovered evidence that Charles Ashworth confessed to the crime. Respondent argues in an answer to the petition that Petitioner's claims lack merit, are procedurally defaulted, or are not

*Ashworth v. Palmer*, No. 09-12801

cognizable on habeas review.

Currently before the Court is Petitioner's motion for appointment of counsel. Petitioner alleges that he has limited knowledge of the law and is unable to retain counsel. Petitioner further alleges that the issues are complex and require an investigation, which he cannot perform. Additionally, Petitioner asserts that the law library in prison is inadequate and that he has limited access to it.

"[T]here is no constitutional right to counsel in habeas proceedings," *Post v. Bradshaw*, 422 F.3d 419, 425 (6th Cir. 2005) (citing *Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991)), and the Court is not persuaded that the interests of justice require appointment of counsel at this time. 18 U.S.C. § 3006A(a)(2)(B). Accordingly, Petitioner's motion for appointment of counsel [dkt. #12] is **DENIED** without prejudice. The Court will reconsider Petitioner's motion, if necessary, following review of the state court record. It will not be necessary for Petitioner to renew his motion.

                                              S/Arthur J. Tarnow
                                              Arthur J. Tarnow
                                              United States District Judge

Dated: July 12, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 12, 2011, by electronic and/or ordinary mail.

                                              S/Catherine A. Pickles
                                              Judicial Secretary